Danny E. WRIGHT, Plaintiff,

v.

WESTVACO CORPORATION, Defendant.

Civ. A. No. 79–2327–1.

United States District Court, D. South Carolina, Charleston Division.

Sept. 30, 1981.

A. Arthur Rosenblum, and Robert G. Howe, Howe & Howe, Charleston, S. C., for plaintiff.

G. Dana Sinkler, Sinkler, Gibbs & Simons, Charleston, S. C., for defendant.

## ORDER

HAWKINS, District Judge.

This matter is before the court upon the defendant's motion for summary judgment claiming that plaintiff's exclusive remedy and relief is under the South Carolina Workmen's Compensation Act (Title 42, Code of Laws of South Carolina, 1976 as amended) and that jurisdiction is vested solely in the Industrial Commission of the State of South Carolina and not in this court.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this instance the motion is based on the deposition of James W. Jennings, the maintenance control manager for Westvaco, and certain contract documents relating to the job on which the plaintiff was injured.

The plaintiff, Danny E. Wright, an employee of Charleston Steel Erectors, seeks damages from the defendant, Westvaco Corporation, for injuries sustained when he fell from a ladder while in the process of dismantling a stock tank at the Westvaco plant in North Charleston on November 15, 1977. The work was being performed pursuant to a contract between Westvaco and Wright's employer, Charleston Steel Erectors, as evidenced by Purchase Order # 04992 and contract specifications and addendum attached to defendant's memorandum in support of its motion. In accordance with the terms of the contract, Charleston Steel Erectors was required, *inter alia,* to maintain workmen's compensation coverage in accordance with the laws of the State of South Carolina. The plaintiff received benefits under the terms of the Workmen's Compensation Act.

Defendant's motion for summary judgment is based on the contention that the plaintiff was a statutory employee of the defendant, Westvaco, under the provisions of Section 42–1–400 of the South Carolina Workmen's Compensation Act, which provides:

When any person in this section and §§ 42–1–420 and 42–1–430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 42–1–420 to 42–1–450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

Defendant argues that, if under that section the plaintiff is deemed to be a statutory employee of the defendant, the exclusive remedy sections of the Compensation Act are invoked so as to preclude this action. Those sections of the Act are codified as Sections 42–1–540 and 42–5–10 and provide in pertinent part:

The rights and remedies granted by this Title to any employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death. S.C.Code Ann. § 42–1–540 (1976)

Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the same manner provided in this chapter. While such security remains in force he or those conducting his business shall only be liable to any

employee who elects to come under this Title for personal injury or death by accident to the extent and in the manner specified in this Title. S.C.Code Ann. § 42–5–10 (1976)

These sections of the South Carolina Workmen's Compensation Act have been the subject of repeated litigation, and numerous cases have been decided by both the Fourth Circuit Court of Appeals and the Supreme Court of South Carolina. The leading case in South Carolina is *Marchbanks v. Duke Power Co.*, 190 S.C. 336, 2 S.E.2d 825 (1939), involving the claim of an employee of an independent contractor who was employed by the power company to paint a number of the power company's poles and was injured. The court found that the maintenance of the power company's transmission lines was an important part of its trade or business and that such employee was engaged in the trade, business or occupation of the power company and could not maintain a common law action against it. The court noted that there were many different factual situations and that each case should be determined on its own facts and no general rule or easily applied formula could be laid down for the determination of whether or not the work in any given case was a part of the general trade, business or occupation of the principle employer, contractor or owner.

As pointed out in *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 11, 132 S.E.2d 18, 23 (1963):

It is especially difficult to lay down any hard and fast rule with regard to such activities as repair and maintenance. The practices of different concerns operating in the same field often vary. For example, activities which would be unusual and out of the ordinary in a small business might be a normal activity for a large concern. As stated by Mr. Larson in Section 49.12, page 726 of his work on Workmen's Compensation Law, "the test must be relative, not absolute, since a job of construction or repair which would be a nonrecurring and extraordinary undertaking for a small business might well for a large plant be routine activity which it normally expects to cope with through its own staff." Therefore, it is generally recognized that a statute, such as here under consideration, includes work or activities usually or customarily performed by the owner or principal employer in carrying on the general trade or business. (citations omitted).

In *Bridges*, the court also recognized the following:

In determining whether an employee falls within the coverage afforded by [§ 42–1–400], the basic test is whether or not the work being done is a part of the general trade, business, or occupation of the owner. Once it is established that the work being done by the subcontractor was a part of the general business of the owner within the meaning of [§ 42–1–400] even though the subcontractor might occupy the status of an independent contractor, the employees of the subcontractor so engaged are limited under [§ 42–1–540 of the 1976 Code of Laws] to the exclusive remedy of Workmen's Compensation Laws. (citations omitted).

*Id.* at 10, 11, 132 S.E.2d at 22.

With these basic rules in mind, the court turns to the facts established by the deposition of Mr. Jennings. It appears therefrom that the defendant, Westvaco, over the past twenty years, has consistently employed a maintenance force of between 360 to 380 people. At the time of the accident giving rise to this litigation, this maintenance force included 31 metal workers, 23 welders, 85 mechanics and 67 pipe fitters, all crafts involved in the work being performed by Charleston Steel Erectors.

It further appears that while jobs of the magnitude being performed by Charleston Steel Erectors were not frequently encountered, Westvaco's maintenance forces had performed jobs of similar magnitude, both before and after the plaintiff's accident. The purpose of the demolition was to remove obsolete equipment to make room for new equipment directly involved in defendant's paper-making process and to facilitate maintenance of existing equipment. Had

the work been performed by Westvaco's own crew, it would have involved approximately six men, and the decision to execute the work through a subcontractor was made by Mr. Jennings because he had enough work of high priority to keep his own men and staff busy.

As recently as last year, the Supreme Court of South Carolina had occasion to consider the same issues in the case of *Parker v. Williams & Madjanik, Inc.*, 275 S.C. 65, 267 S.E.2d 524 (1980). This case involved a third party action filed by the representative of a deceased employee of a sub-subcontractor against the owner and general contractor of a project involving construction of a warehouse. The court held as a matter of law that the deceased employee was a statutory employee of both the owner and the general contractor notwithstanding the fact that he received compensation benefits from the subcontractor. The court noted philosophically:

> The fact that neither Williams & Madjanik, Inc. nor Island Properties had to pay the benefits provided is of no consequence. As a practical matter both absorbed the cost of coverage through their contracts with those who agreed to actually perform the work. This seems to have been the General Assembly's intent when it enacted this legislation. The owner who obtains the benefit of the work inevitably absorbs the cost of providing protection for the workers. In return, the employer receives immunity from other remedies which ordinarily might be sought by the employee.

*Id.* at 74, 267 S.E.2d at 528.

Applying the facts of this case to the controlling legal precedents, this court finds that there is no genuine issue as to any material fact and that the work being performed by the plaintiff, Danny E. Wright, was a part of the trade, business, or occupation of the defendant, Westvaco, and that he accordingly was a statutory employee of the defendant under the provisions of Section 42–1–400 of the Workmen's Compensation Act. Further, it is the conclusion of this court that under the provisions of Sec-

tions 42–1–540 and 42–5–10 of the Workmen's Compensation Act, his exclusive remedy lay under the terms of the South Carolina Workmen's Compensation Act. It is, therefore,

ORDERED, that defendant's motion for summary judgment be, and the same is hereby, granted, and the case is dismissed.

AND IT IS SO ORDERED.